KONENKAMP, Justice
(dissenting on Issue 1).
[¶ 45.] Midwest Copier asserts that the circuit court erred in declaring that First *32 American Bank and Farmers Bank were not negligent as a matter of law. In affirming summary judgment, this Court rules there was no legal foreseeability. But it was certainly foreseeable that the true first position secured party could be injured when First American erroneously assigned an ersatz first security interest to a third party. It was equally foreseeable that the true first position secured party could be injured when Farmers Bank, made aware of the error, refused to recognize its junior position. Because injury was foreseeable, First American and Farmers Bank each owed a duty to Midwest Copier.
[¶ 46.] The existence of a common law duty depends on the foreseeability of injury. Luke v. Deal, 2005 SD 6, ¶ 19, 692 N.W.2d 165, 170 (quoting Poelstra v. Basin Elec. Power Co-op., 1996 SD 36, ¶ 16, 545 N.W.2d 823, 826). Foreseeability of injury is examined at the time the allegedly negligent act occurred. Poelstra, 1996 SD 36, ¶ 18, 545 N.W.2d at 827. This is distinguished from foreseeability as it relates to the issue of proximate cause, which is examined at the time the damage is done. Id.; see also Peterson v. Spink Elec. Co-op., Inc., 1998 SD 60, ¶15, 578 N.W.2d 589, 592.
[¶ 47.] When the Court declares that First American owed no duty to Midwest Copier, it fails to distinguish between “[floreseeability in the ‘duty sense” and “foreseeability in fact issues bearing on negligence (breach of duty) and causation.” See Kuehl v. Horner (J.W.) Lumber Co., 2004 SD 48, ¶ 10, 678 N.W.2d 809, 812 (quoting Braun v. New Hope Twp., 2002 SD 67, ¶ 9, 646 N.W.2d 737, 740). Foreseeability in the duty sense asks: is it foreseeable that an injury would occur to the true first position secured party when First American purported to assign its false first position security interest to a third party? In the Court’s view, “[First American] could not foresee that Farmers Bank would refuse to acknowledge [Midwest] Copier’s rightful first security interest.” See supra ¶ 20. This conclusion, however, considers facts that bear on the issue of causation, not whether a duty exists. Farmers Bank’s refusal to acknowledge Midwest Copier’s first security interest is irrelevant to whether it was foreseeable that Midwest Copier would be injured by First American’s negligent act. Similarly, Midwest Copier’s failure to request a termination statement from First American of its UCC filing and First American’s right to assign whatever interest it had are facts unrelated to the determination of whether First American owed a duty to Midwest Copier.
[¶ 48.] Foreseeability of injury and whether a duty exists is properly examined at the time First American erroneously assigned a first position secured interest to a third party. There is no dispute that First American misrepresented to a third party that First American had a first position security interest when in fact Midwest Copier had such position. This allegedly negligent act could certainly cause injury to the true first position secured party, and therefore, a duty existed.
[¶ 49.] Nevertheless, the Court holds that as a matter of law Midwest Copier’s damages were not proximately caused by First American’s actions. It reasons that because First American could only assign whatever rights it actually held, mistakenly assigning its non-existent first secured position to a third party could not have caused Midwest Copier’s damages. In so holding, the Court declares that legal minds could not differ on the conclusion that First American’s actions did not proximately cause Midwest Copier’s damages. See supra ¶ 28.
*33 [¶ 50.] Proximate cause is a question for the jury except in the “rarest of cases.” Bauman v. Audi, 539 N.W.2d 320, 325 (S.D.1995); see also Tipton v. Town of Tabor, 1997 SD 96, ¶ 68, 567 N.W.2d 351, 374 (Sabers, J., dissenting) (“It is axiomatic that questions of breach, proximate cause, and damages are resolved by the' jury in all but the rarest of cases.”). “We are obliged to view the facts in a light most favorable to the nonmoving party.” Smith ex rel. Ross v. Lagow Const. & Dev. Co., 2002 SD 37, ¶ 15, 642 N.W.2d 187, 191 (citing Pickering v. Pickering, 434 N.W.2d 758, 760 (S.D.1989)). Here, Midwest Copier alleges that because First American breached its duty, Midwest Copier was prevented “from quickly stepping in to preserve the viability of the business.” Midwest Copier further claims that because of First American’s actions, “Communications was stripped of its value as an ongoing enterprise, rendering Midwest Copier’s secured position virtually worthless.” Viewing the evidence in a light most favorable to Midwest Copier, the dispute caused by First American’s misrepresentation could have caused Midwest Copier’s damages.
[¶ 51.] It is important to note that imposing a duty on First American does not end the matter. The issues of breach, proximate cause, and damages are still hurdles Midwest Copier must overcome. The question on appeal is only whether a duty exists: was an injury foreseeable at the time of the allegedly negligent act? The answer to that question against First American is yes, and the circuit court erred when it granted First American summary judgment on Midwest Copier’s negligence claim.
[¶ 52.] The court similarly erred when it granted summary judgment in favor of Farmers Bank on Midwest Copier’s negligence claim. It was foreseeable to Farmers Bank that the true first position secured party could be injured when Farmers Bank, informed that its interest was not superior, refused to acknowledge its junior interest. The Court contends that no duty existed because Farmers Bank had a right to determine its true position as a secured party. The Court further finds as a matter of law that the amount of time Farmers Bank took to determine its position was reasonable.
[¶ 53.] Whether a duty exists does not depend on the reasonableness of Farmers Bank’s conduct. Nor does the existence of a duty depend on what actions Midwest Copier took with respect to the default of Communications, when Communications actually relinquished its assets, what in fact caused Midwest Copier’s damage, or what notice the Department of Revenue sent regarding the demise of Communications. See Kuehl, 2004 SD 48, ¶ 10, 678 N.W.2d at 812 (“[f]oreseeability in the ‘duty” sense is different from foreseeability in fact issues . bearing on negligence (breach of duty) and causation”) (quoting Braun, 2002 SD 67, ¶9, 646 N.W.2d at 740). Duty is determined by asking whether injury was foreseeable at the time the negligent act occurred. Here, the allegedly negligent act occurred when Farmers Bank was informed that its interest in the assets of Communications was junior to Midwest Copier’s and Farmers Bank continued to assert its position as the first secured party. It was foreseeable that this allegedly negligent conduct could injure the true first position secured party, Midwest Copier. Therefore, a duty exists and summary judgment was improperly granted on Issue 1.
[¶ 54.] MEIERHENRY, Justice, joins this dissent.